AURA W. BARKER

*v.*

MITCHELL J. SMILEY.

*Opinion filed October 24, 1905—Rehearing denied Dec. 7, 1905.*

1. DOWER—*dower does not attach to title held in trust.* Under a conveyance of the naked legal title to the husband in trust for his wife no right of dower attaches in favor of the wife.

2. RES JUDICATA—*when decree is res judicata.* A decree, entered at the suit of creditors, by a court having jurisdiction of the subject matter and of the persons of all the parties, setting aside a conveyance from husband to wife for fraud, finding title to be in him and ordering a sale and the payment to the wife of $1000 for her homestead under the allegations of her answer asking that her rights be adjudicated, is *res judicata* upon subsequent petition by her for assignment of dower in the property.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

On January 25, 1904, Aura W. Barker filed her petition in the circuit court of Cook county against Mitchell J. Smiley praying for an assignment of her dower in certain premises commonly known as No. 2815 Prairie avenue, in the city of Chicago. The principal facts as alleged in the petition are as follows: On December 26, 1867, the petitioner was married to one Samuel B. Barker, who died on or about December 30, 1903. On April 30, 1886, Samuel B. Barker, for the consideration of $50,000, acquired the fee simple title to the premises in question, and from the date of the purchase until March 21, 1900, he and his wife occupied it as a homestead. Notwithstanding the title was taken in the name of Samuel B. Barker it is claimed that the purchase was for the petitioner, and he held the title in trust for her until February 2, 1891, when, in consideration of love and affection and one dollar, he conveyed the same to her by warranty deed, which deed was delivered to her and afterwards placed in the hands of her husband to be placed on record, which he failed to do, and the deed was not recorded until in May,

1893.  Petitioner does not claim that the creditors of Samuel
B. Barker had any knowledge or notice of this conveyance,
but that on the date it was made he was solvent.  Samuel
B. Barker was engaged in the lumber business in the city
of Chicago, and on May 29, 1893, was insolvent.  On that
date he again conveyed the premises in question to the peti-
tioner by a warranty deed, which was duly filed for record.
On May 31, 1893, the Union National Bank of Chicago
obtained a judgment, by confession, against Samuel B. Bar-
ker for $50,732.75, and execution was issued upon the judg-
ment and levied upon the premises in question.  On June 28,
1893, P. A. Lane obtained a judgment, by confession, in the
superior court of Cook county against Samuel B. Barker
for $3516.50.  Execution was issued upon the judgment
and returned no property found.  On July 1, 1893, Lane
filed a creditor's bill in the superior court of Cook county
against Samuel B. Barker, the Union National Bank and
the petitioner, in which he sought to set aside the deed of
May 29, 1893.  On July 6, 1893, P. A. Lane recovered an-
other judgment in the superior court of Cook county against
Samuel B. Barker for $2701.19.  An execution was issued
upon the judgment and returned no property found.  On
July 11, 1893, Lane filed another creditor's bill against the
same parties for the purpose of setting aside the deed, and
on October 18, 1893, the two cases were consolidated.  On
December 13, 1893, the Union National Bank filed a credit-
or's bill in the superior court of Cook county against Samuel
B. Barker, P. A. Lane, the petitioner, and other judgment
creditors of Barker, for the purpose of setting aside said
deed of conveyance.  Upon answers being filed in the vari-
ous cases a decree was entered, which found that Aura
W. Barker was not, as against the complainants and cross-
complainants, the owner of the premises, except that she was
entitled to the sum of $1000 out of the proceedings of said
property when sold, for her homestead rights.  The premises
were ordered sold free and clear of any right, claim or inter-

est of Aura W. Barker. On March 21, 1899, the premises were sold by the master in chancery to the Union National Bank for $35,000. The master paid the $1000, as directed in the decree, to Aura W. Barker. On March 21, 1900, the bank conveyed the premises to the appellee, Mitchell J. Smiley, who thereupon entered into possession, and has continued in possession ever since. The further allegation of the petition is, that the defendant, Mitchell J. Smiley, combined and confederated with other persons for the purpose of injuring and defrauding the petitioner, and he claims that by virtue of the proceedings between the Union National Bank and P. A. Lane, and the decree therein entered, petitioner's inchoate right of dower was directed to be sold, and was sold, and that the purchaser took the premises clear and divested of her dower. The petition alleges that the premises were sold subject to her dower, that she has a right of dower therein, and prays that the same be set off to her.

The defendant, Smiley, filed his answer to the petition, practically admitting the material allegations of the bill, especially those in relation to the execution of the two deeds by petitioner's husband to petitioner, the obtaining of the judgment, the filing of the creditors' bills, the proceedings therein, the sale under the decree of the circuit court, and the conveyance to Smiley. It alleges, however, that the decree entered in the case of the Union National Bank constituted a complete adjudication of the right, title, interest, claim or demand which petitioner, Aura W. Barker, had or claimed to have in and to the premises in question, and that the decree is an absolute bar to her claim of dower; that this decree is in full force and effect; that the defendant, Smiley, is the absolute owner of the premises described in the petition, and that petitioner had no dower or right of dower therein.

Upon a hearing in open court upon petition, answer and evidence offered, the petition was dismissed for want of equity. From this decree an appeal has been prosecuted to this court.

OTTO GRESHAM, for appellant.

CHARLES L. BARTLETT, and JAMES E. MUNROE, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The facts, as above stated, are substantially admitted by the pleadings. The only error urged is, that the petition should not have been dismissed, but a decree should have been entered assigning the dower as prayed.

At the time the property was purchased by Samuel B. Barker it is claimed that the purchase was made for the petitioner but the title was taken in the name of the husband in trust for her. If these facts are true, the wife would certainly have no dower interest in the property. Dower, at common law, was an estate for life, to which the wife was entitled, on the death of the husband, in the third part of the legal estates of inheritance, in lands and tenements of which the husband was seized, in deed, or in law, in fee simple, or in fee tale, at any time during coverture, and to which any issue which the wife might have had might by any possibility have been heir. (*Sisk* v. *Smith,* 1 Gilm. 603; 10 Am. & Eng. Ency. of Law,—2d ed.—125.) While this rule of the common law has to some extent been modified by statute, yet these modifications have not materially varied the above rule as it is applicable in this case. The conveyance to the husband was merely in trust for the wife. She had the equitable title and he held the naked legal title, which she could have compelled him to convey to her. No right of dower attaches to an estate in which the naked legal title is held in trust for a second party. (*King* v. *Bushnell,* 121 Ill. 656.) For this reason, if the title was in the husband in trust for the wife she could claim no dower therein.

There is another good reason why the decree dismissing the petition is correct. At the time of the hearing upon the creditors' bills the petitioner filed her answer, in which she

set up the fact of the original purchase having been made for her; that the title was held in trust for her by her husband; that he executed the deed of February 2, 1891, and she asked that her rights be adjudicated. At the time of the hearing she was represented by eminent counsel, who forcibly presented her claim to the court, but notwithstanding this the decree, upon the merits, was against her. It found that the conveyance of May 29, 1893, was in fraud of creditors, that the premises belonged to the husband, ordered a sale, and provided for the payment of $1000 to her for her homestead. In pursuance of that decree the premises were sold and the deed of conveyance made by the purchaser to appellee. The court had jurisdiction of the person of all of the parties, including the petitioner, and also had jurisdiction of the subject matter. The decree, as rendered, was never reversed, but is now in full force and effect and fully executed. To now permit appellant to again litigate these questions would be to give no force or effect to a judicial decree to which she was a party and to entirely set aside a judicial sale properly made. The decree as rendered in the former case was *res judicata* of all the matters set up in this petition.

Complaint is made that the premises were sold as the property of the husband, and therefore the wife is entitled to dower. We have nothing to do with the justice, reasonableness or correctness of that decree. It cannot be collaterally attacked, and if it was wrong it was the duty of appellant to appeal from it and in this way preserve her rights. If she is injured by the decree and has lost her dower she has no one to blame but herself. If the property was hers originally she should have had the title taken in her name. When the deed was made to her she should have filed it for record. If she had attended to these matters at the proper time and in the proper way she would now be the owner in fee, but as it is she has slept upon her rights, and therefore must bear the burden of her own negligence. She recognized the provisions of the decree by accepting $1000 of the purchase money

in lieu of her homestead, and it would certainly be as unjust to permit her to have dower as it would be to again permit her to claim her homestead.

We find no reversible error, and the decree of the circuit court dismissing the petition will be affirmed.

*Decree affirmed.*